### HANNAH SHAW *vs.* AARON W. NICKERSON.

*Real estate—attachment of.*

No attachment of real estate can be made on a writ containing simply a count for money had and received, without any specification of the claim to be proved under it.

ON FACTS AGREED.

WRIT OF ENTRY. The only question was the validity of an attachment made on a writ, the declaration in which was simply a count for money had and received, with no specification.

*W. H. McLellan*, for the plaintiff.

*Boyle & Johnson*, for the defendant.

APPLETON, C. J. The writ in the suit *Shaw* v. *Newhall*, contained only a count for money had and received.

Property can be attached only to secure demands in suit. 'When the writ contains the money counts there may be difficulty,' observes Shepley, J., in *Fairbanks* v. *Stanley*, 18 Maine, 302, 'in determining what demands were put in suit.' To make that certain the statute of 1838, c. 344, which is found in the revision of 1857, c. 81, § 31, was enacted. By this section no attachment is valid ' unless the plaintiff's demand on which he founds his action, and the nature and amount thereof, are substantially set forth in proper counts or a specification thereof is annexed to the writ.' If a count sets forth the nature and amount of the plaintiff's demand, so that one may know the ground upon which he claims to recover, that is sufficient. But in the count for money had and received no one can tell upon what ground a recovery is sought. Hence in those cases a specification is required setting forth the nature and amount of the plaintiff's claim. Otherwise, the plain-

tiff might introduce, under the money counts, subsequently acquired demands. *Saco* v. *Hopkinson*, 29 Maine, 268; *Osgood* v. *Holyoke*, 48 Maine, 410; *Forbes* v. *Hall*, 51 Maine, 568; *Drew* v. *Alfred Bank*, 55 Maine, 450. *Plaintiff nonsuit.*

CUTTING, KENT, WALTON, and BARROWS, JJ., concurred.